## JASPER GARRETSON *vs.* CHARLES J. KANE.

1. The consideration of a bill of sale under seal cannot be shown in an action of trespass for taking goods, to have been fraudulent, as between the parties.

Garretson v. Kane.

2. If the bill of sale was, in fact or in law, made to hinder, delay, or defraud creditors, a creditor who seizes the goods by virtue of an attachment or execution may show the fraud in an action of trespass.

3. A creditor cannot seize goods, the title and possession of which had been transferred to a third party, if there was no actual or legal fraud, as against him, upon the ground that the purchaser practiced a fraud upon the debtor.

This was a writ of error to the Circuit Court of the county of Hudson.

The facts sufficiently appear in the opinion of the court.

Argued before the CHIEF JUSTICE, and Justices ELMER, HAINES, and VREDENBURGH.

*Weart* and *Ransom*, for the plaintiff in error.

*Zabriskie*, for the defendant.

The opinion of the court was delivered by

ELMER, J. This was an action of trespass to recover the value of certain books of account, taken by Garretson, as sheriff of the county of Hudson, by virtue of writs of attachment at the suit of several creditors against John Terhune. The damages to be assessed, if the plaintiff below should be entitled to recover, were agreed upon between the parties. Several bills of exceptions were taken at the trial, in the loose manner which has become so common and so embarrassing, and are now annexed to the record. I shall consider only the points presented by the counsel, and in the order adopted on the argument.

The plaintiff below claims title to the books in controversy under and by virtue of a bill of sale to him from Terhune, executed prior to the issue of the attachments, which purported to be in consideration of the sum of three thousand seven hundred and eight dollars and eighty cents, and included all the goods, wares, and merchandise then in a certain store in Jersey City. The defendant offered to prove that the consideration for the accounts transferred by Terhune to Kane, meaning, as was under-

stood, the books in controversy, which contained them, was a patent right to manufacture printing ink of rosin oil ; that the patent then was and still is utterly worthless and of no value; that Terhune was induced to make the transfer by means of false and fraudulent representations of the value of the said patent right in material matters of fact, made by Kane to him, and which Kane knew at the time were false ; that by means of the said false representations, he fraudulently succeeded in inducing Terhune to part with his property, and assign his accounts to Kane; that by these false representations, Kane got from Terhune all his property, and left nothing for his creditors. To the admission of so much of the testimony as went to impeach the consideration of the transfer, the plaintiff, by his counsel, objected, and insisted that the transfer of the accounts from Terhune to Kane, having been made by means of sealed instruments, could not be inquired into at law. The court being of this opinion, overruled the evidence. Afterwards the defendant offered to prove that the fraud was committed by means of a conspiracy between the plaintiff and other persons named, which the court also overruled. To these overrulings of evidence there were exceptions taken ; and the same law being laid down in the charge to the jury, it was again excepted to.

The case has been argued here as one involving the question of fraud against creditors. If the offer of the defendant's counsel of evidence which was overruled, or any of the evidence before the court, fairly raised the issue whether the bill of sale was intended to hinder, delay, or defraud the creditors of Terhune, or was in contemplation of law such a transfer as had that effect, then it is clear that the fact that the instrument which effected it was under seal, did not interpose any difficulty in the way of inquiring into the consideration at law, as well as in a court of equity. The books of reports are full of cases to this effect, which it is not necessary to refer to in

detail. *Owen* v. *Arvis,* 2 *Dutcher* 22, is a recent case in this court, where a conveyance under seal was declared fraudulent and void, as against creditors, in an action of trespass for taking the goods in dispute.

But it is plain that no evil intent in reference to credit-ors could be inferred from the facts offered to be proved, and that the evidence was not properly offered in that point of view. The goods seized upon the attachments had been conveyed to the purchaser by a legal bill of sale under seal, and were in his possession. The offer was to show that the consideration of this bill of sale, as between the parties, was fraudulent, so that the case, in this aspect, came directly within the ruling in the case of *Stryker* v. *Vanderbilt,* 1 *Dutcher* 482, upon the authority of which the evidence was rightly rejected. It would seem, too, that it was an executed contract, so as to come within the case of *Rogers* v. *Colt,* 1 *Zab.* 19.

Had no title passed to the purchaser in this case, as was held to be the law when property was obtained by false pretences in the case of *Noble* v. *Adams,* 7 *Taunt.* 59, and of *Earl of Bristol* v. *Wilsmore,* 1 *B. & C.* 514, I suppose the sheriff might have seized the books as still the prop-erty of Terhune; but I am not satisfied that a creditor can seize property upon an attachment or execution, the title to which has passed to a third party, upon the ground that the purchaser had committed a fraud upon the seller, which entitled the latter to avoid the sale. No case has been produced which sanctions such a proceeding. A creditor cannot redress all the wrongs done to his debtor. He cannot claim damages for a trespass or for a deceit. A fraud like that offered to be proved in this case would entitle the seller to relief in a court of equity upon proper terms, and possibly a creditor may have relief there; but he cannot step in and claim that such a sale was abso-lutely void at law. If he can interfere at all, his rights will be the same as those of his debtor. By force of the statute, and by the principles of the common law, a sale

or transfer of property by parol, or by an instrument under seal, which in fact or in law was designed to hinder, delay, or defraud creditors, is absolutely void, as against such creditors, although, as between the parties, it is good, and cannot be avoided by either of them. A creditor who seeks to avoid a sale as fraudulent against him, does not represent his debtor, but exercises rights paramount to his. There is, in truth, no similarity between two kinds of fraud. In the one case it is, either in fact or in law, the fraud of the debtor himself, while in the other the debtor is the victim, and guilty of no wrong. A case may occur combining both descriptions of fraud, but this is not of that character.

The statute of frauds, (*Nix. Dig.* 304,) in affirmance of the principles of the common law, makes void all feigned, covinous and fraudulent gifts, grants, &c., devised and contrived of malice, fraud, covin, collusion, or guile, to the end, purpose, and intent to delay, hinder, or defraud creditors. To come within this statute, there must be purpose and intent on the part of the debtor to defraud his creditors. There need not be moral or designed fraud in the transaction; for a transfer of property, which has the effect of placing the property and its proceeds beyond the immediate reach of creditors, is, in many cases, however honestly intended, held to be a fraud in law. The case of Owen *v.* Arvis was one of that description. But neither that case, nor any others of the very numerous cases to which we were referred by the counsel of the plaintiff in error, were cases of an absolute unconditional sale, *bona fide* on the part of the seller, for a consideration believed by him to be adequate, which he received, as this was. They were all cases where the circumstances showed a secret or open trust, for the benefit of the party making the transfer or others, to the injury of the creditors. There was an actual or legally inferred intent on the part of the grantor, which the law held to be fraudulent and unlawful. Mere inadequacy of price has

Garretson v. Kane.

sometimes, as counsel have urged, been held to be sufficient to invalidate the sale, where it was of such a character that an evil intent was inferred. If the creditor had no right to interpose and set up the fraud committed against his debtor, he, of course, had no right to the defence he attempted in this case; and the ruling of the judge, excluding the evidence, and his charge to the jury, were not errors of which he can now complain.

The bill of sale describes the property intended to be conveyed as "all the goods, wares, and merchandise, groceries, and all and every article of merchandise particularly mentioned and described in the schedule hereto annexed, marked A, and which forms part of this bill of sale, now remaining and being in the store," &c. The schedule annexed mentions a safe, in which the books were kept, but does not mention any books. It appeared that the books were delivered to the plaintiff with the safe and other property, and that he continued to use them; and it also appeared that Terhune executed, within a few days after the bill of sale was made, in pursuance of the original contract, assignments to plaintiff of 176 accounts contained in them, comprising all that were considered of value. Under these circumstances, I think the judge was right in submitting to the jury to decide whether the books were included in the sale. Upon the whole case, as presented in the several bills of exception, there seems no room to doubt that such was the intention of the parties, and that they were not sold to Conklin, who afterwards purchased the store goods.

As to the argument that the 176 accounts assigned to the plaintiff were choses in action, and that the court will not protect the interest of that assignee, unless it appears he had a just and equitable right to them, it is not applicable to the case. The action tried was trespass for taking a set of books belonging to the plaintiff. The assignments were offered in evidence, not to show the plaintiff's damages, but as circumstances tending to prove that the

books in the safe were intended to pass with it, by virtue of the bill of sale. This view of the case makes it immaterial whether there were seals to the assignments or not, and renders it unnecessary to consider other alleged errors. Upon the whole, I am of opinion that no error has been shown, and that the judgment must be affirmed.

CITED *in Mulford* v. *Peterson*, 6 *Vr.* 136; *Curtis* v. *Steever*, 7 *Vr.* 308.